UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and <br><br> OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA, DEPARTMENT OF LEGAL AFFAIRS, <br><br> Plaintiffs, <br><br> v. <br><br> GDP NETWORK LLC, a Florida limited liability company, *et al.*, <br><br> Defendants. | Case No. 6:20-cv1192-<br>Orl-78 DCI |

**PLAINTIFFS' *EX PARTE* MOTION TO TEMPORARILY SEAL FILE
WITH ATTACHED [PROPOSED] ORDER**

Plaintiffs, the Federal Trade Commission ("FTC") and the Office of the Attorney General, State of Florida, Department of Legal Affairs ("Florida Attorney General"), pursuant to Rule 1.09 of the Local Rules of the Middle District of Florida, hereby respectfully move this Court on an *ex parte* basis for an order to temporarily seal the entire file in this matter, including the docket, Complaint, and all papers submitted by Plaintiffs on this date ("Seal Order"). Plaintiffs ask this Court to temporarily seal the file of this case until five (5) business days after the Court rules on Plaintiffs' *Ex Parte* Motion for a Temporary Restraining Order With Asset Freeze, Appointment of a Receiver, Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("TRO Motion"), contemporaneously filed with this motion. In support of their motion, Plaintiffs state:

1

1. Although there is a common-law right to inspect and copy judicial records, this right is not absolute. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 597, 597-98 (1978). The presumption is rebuttable upon demonstration that suppression "is essential to preserve higher values and is narrowly tailored to serve that interest." *Grove Fresh Dist., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994). "Every court has supervisory power over its own records and files, and access has been denied where the court files might become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. "[T]he decision as to access is best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599.

2. There is a reasonable basis for departing from the Court's general policy of public filing in this matter. As described in more detail in Plaintiffs' TRO Motion, this case concerns Defendants' repeated violations of both federal and state laws, including Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a); the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule" ("TSR"), 16 C.F.R. Part 310; and Section 501.204 of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Chapter 501, Part II, Florida Statutes, in connection with Defendants' advertising, marketing, promotion, offering for sale, or sale of a debt relief service. Defendants' violations have caused substantial injury to consumers.

3. In this action, Plaintiffs seek restitution, disgorgement, and other equitable remedies to deprive Defendants of their ill-gotten gains. *See* 15 U.S.C. §§ 53(b), 57(b); 15 U.S.C. §§ 6101-6108; §501.207, Fla. Stat. (2019). Specifically, the proposed temporary restraining order ("TRO") provides for, among other things, an asset freeze, appointment of a

receiver, expedited discovery, and a prohibition on the destruction of Defendants' records. The relief that Plaintiffs seek is critical to preserving the possibility of providing full and effective final relief. Indeed, an asset freeze will ensure that Defendants' assets will remain available to provide consumer redress, and preservation of Defendants' business records will allow Plaintiffs to protect the public interest by giving them the opportunity to use these records to demonstrate that they are entitled to relief.

4. As described in the Declaration and Certification of Plaintiff Federal Trade Commission's Counsel Pursuant to Fed. R. Civ. P. 65(b) in Support of Plaintiffs' TRO Motion and *Ex Parte* Motion to Temporarily Seal File, if documents filed in this case were placed on the public record while the Court is considering the TRO Motion and before Defendants are served, Defendants may learn of this matter and defeat in large part the purposes of the records retention and asset freeze provisions of the TRO before the Court has an opportunity to consider the TRO Motion. Defendants could potentially learn of this action from the media (which may monitor this district's dockets), or from any other entity or individual with access to the Court's filings. Individuals involved in schemes permeated by fraud, such as the scheme operated by Defendants, are, in the FTC's experience, likely to attempt to conceal or destroy evidence, and attempt to conceal or dissipate assets if they receive advance notice of an enforcement action. This Court's ability to render effective final relief in the form of consumer redress would be undermined if Defendants were to succeed in destroying evidence or dissipating assets.

5. Numerous judges in this district have granted similarly limited seals in other matters seeking relief similar to that sought here. *See, e.g., FTC, et al., v. Worldwide Info*

*Servs., Inc., et al.*, No. 6:14-cv-00008-JA-DAB (M.D. Fla. Jan. 6, 2014); *FTC v. Innovative Wealth Builders, Inc.*, No. 8:13-cv-123-T-33EAJ (M.D. Fla. Jan. 14, 2013); *FTC v. WV Universal Mgmt., LLC*, No. 6:12-cv-01618-ACC-KRS (M.D. Fla. Oct. 30, 2012); *FTC v. The Green Savers, LLC*, No. 6:12-cv-01588-JA-DAB (M.D. Fla. Oct. 22, 2012); *FTC v. Info. Mgmt. Forum, Inc.*, No 6:12-cv-00986-JA-KRS (M.D. Fla. June 28, 2012); *FTC v. Nat'l Solutions LLC, et al.*, No. 6:11-cv-01131-ACC-GJK (M.D. Fla. July 12, 2011); and *FTC v. Vacation Prop. Servs., Inc., et al.*, No. 8:11-cv-00595-JDW-MAP (M.D. Fla. Mar. 22, 2011). *See also FTC v. JPM Accelerated Servs., Inc.*, No. 6:09-cv-02021-JA-KRS (M.D. Fla. Nov. 30, 2009); *FTC v. FTN Promotions, Inc.*, No. 8:07-CV-1279-T-30TGW (M.D. Fla. July 23, 2007); FTC *v. Global Mktg. Group, Inc.*, No. 8:06-CV-2272-T-30TGW (M.D. Fla. Dec. 12, 2006); *FTC v. Guerra*, No. 6:04-CV-1395-ACC-KRS (M.D. Fla. Sept. 21, 2004); *FTC v. Bryant*, No. 3:04-CV-897-TJC-MMH (M.D. Fla. Sept. 17, 2004); *FTC v. Debt Mgmt. Found. Servs., Inc.*, No. 8:04-CV-1674-EAK-MSS (M.D. Fla. July 20, 2004); *FTC v. Peoples Credit First, LLC*, No. 8:03-CV-2353-TBM (M.D. Fla. Nov. 10, 2003); and *FTC v. Holloway*, No. 3:02-CV-343-HES (M.D. Fla. Apr. 12, 2002).

WHEREFORE, for the foregoing reasons, the Seal Order is necessary to preserve the possibility of the requested relief. Accordingly, Plaintiffs respectfully request that the Court grant Plaintiffs' *Ex Parte* Motion to Temporarily Seal File until five (5) business days after the Court rules on Plaintiffs' TRO Motion. This should be sufficient time to allow service of papers upon Defendants and third parties controlling Defendants' assets. A proposed order is attached hereto.

//

Respectfully submitted,

ALDEN F. ABBOTT
General Counsel, Federal Trade Commission

Dated: July 6, 2020

/s/Samantha Gordon
SAMANTHA GORDON, Trial Counsel
AUDREY AUSTIN
WILLIAM J. HODOR
Federal Trade Commission
Midwest Region
230 South Dearborn Street, Room 3030
Chicago, Illinois 60604
(312) 960-5634 [telephone]
(312) 960-5600 [facsimile]
sgordon@ftc.gov [Gordon]
aaustin2@ftc.gov [Austin]
whodor@ftc.gov [Hodor]
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

ASHLEY MOODY
Attorney General, State of Florida

PAUL ERIC COURTRIGHT, FL Bar 507741
PATRICK CHRISTOPHER CROTTY, FL Bar 108541
DONNA CECILIA VALIN, FL Bar 96687
Office of the Attorney General
Consumer Protection Division
135 W. Central Boulevard, Suite 1000

(407) 316-4840 [telephone]
(407) 245-0365 [facsimile]
Paul.Courtright@myfloridalegal.com [Courtright]
Patrick.Crotty@myfloridalegal.com [Crotty]
Donna.Valin@myfloridalegal.com [Valin]

Attorneys for Plaintiff
OFFICE OF THE ATTORNEY GENERAL
STATE OF FLORIDA
DEPARTMENT OF LEGAL AFFAIRS